DEPOSITION OF CHARLES ALBERT EROH, P.E.
CONDUCTED ON WEDNESDAY, SEPTEMBER 26, 2012

38 (Pages 149 to 152)

---

149

1   Q.  Okay. On what basis in your opinions do you
2   determine that Austin Mohawk is responsible from a
3   safety or OSHA enforcement standpoint for the happening
4   of the incident that we're here for today? You've used
5   them both interchangeably. I'm talking specifically
6   about Austin Mohawk.
7       A.  I don't think Austin -- I'm sorry. Could you
8   repeat the question so I make sure that I understand
9   it.
10  Q.  Well, first of all -- and I'm sorry. Let me
11  pull back for a second.
12      What is the specific basis of your opinions
13  in this case? Is it with regard to contractual
14  interpretation, with regard to OSHA violations, with
15  regard to basic safety issues?
16      A.  Regard to OSHA violations, basic safety
17  issues, and my experience and understanding of the
18  construction industry.
19  Q.  And you're not giving an interpretation or an
20  analysis of the contracts between the parties?
21      A.  Absolutely not.
22  Q.  Okay. On what basis did you determine that

150

1   Austin Mohawk is responsible for the happening of this
2   incident and the damages that are claimed by Meltech?
3       A.  Based on construction industry practice, the
4   fabricator, Austin Mohawk and Beechgrove, were
5   basically hired by Meltech to fabricate and install the
6   canopy.
7   Q.  Okay. And Austin Mohawk was the fabricator,
8   correct?
9       A.  It's my understanding, yes.
10  Q.  And you read the subcontract agreements?
11      A.  Yes.
12  Q.  And if you need to, it's Krishack 35. I
13  think 35A is a good copy of it if you have it. But it
14  specifically, in the Austin Mohawk contract,
15  specifically indicates in Article 2 that they will
16  deliver only; offload and install by Beechgrove
17  Construction, Inc., correct?
18      A.  I haven't reviewed the contracts. I'm not
19  the attorney.
20  Q.  Okay. Well, you have to know what the
21  responsibilities of the parties are in order to make a
22  determination of fault, correct?

151

1       A.  Yes.
2   Q.  What did Austin Mohawk in particular do or
3   not do that causes it to be responsible for the
4   happening of the incident and the damages to Meltech?
5       A.  Their biggest responsibility was not
6   notifying the contractor Meltech that they were going
7   to utilize a sub, White Construction.
8   Q.  But Austin Mohawk didn't install it. It was
9   Beechgrove. And they specifically in the
10  contract identify --
11      MR. MAHAFFEY:  I'm going to object. That's,
12  I think, two questions together.
13      MR. GARLAND:  Okay. I'll separate it out.
14  But that was actually a statement. You would have
15  objected because it wasn't a question.
16      MR. MAHAFFEY:  I was about to do that.
17  BY MR. GARLAND:
18  Q.  So -- and again, I don't want to confuse you,
19  but if the contract between Austin Mohawk and Meltech
20  specifically said offload and install by Beechgrove
21  Construction, Inc., what responsibility does Austin
22  Mohawk have for the installation --

152

1       A.  They basically identify Beechgrove as their
2   erector of choice.
3   Q.  Okay. And then Meltech gets into a separate
4   contract with Beechgrove, Inc., to do the installation,
5   correct?
6       A.  Again, I haven't seen the contracts.
7   Q.  But don't contractual responsibilities -- and
8   I'm not asking you to analyze legal effects of
9   contracts -- but don't contractual responsibilities and
10  undertakings affect a determination of what role a
11  party has with regard to OSHA responsibilities?
12      A.  Again, OSHA specifically states that some --
13  some things aren't assignable even through contract in
14  their multiple-employer citation.
15  Q.  And OSHA didn't cite either Austin Mohawk or
16  Beechgrove, did it?
17      A.  No. They weren't on-site.
18  Q.  Right.
19      A.  And so they wouldn't have been part of OSHA's
20  evaluation.
21  Q.  Okay. And that should be determinative,
22  correct, as to whether or not Austin Mohawk or

PLAINTIFF'S EXHIBIT 36